IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM D. DUNNE, ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> D. SMITH, WARDEN, B. AVALOS, ) <br> ASSOCIATE WARDEN, and J. KARGE, ) <br> CAPTAIN, ) <br> ) <br> Defendants. ) | **CASE NO. CV-1:07-74-BLW** <br><br> **ORDER SCHEDULING** <br> **SETTLEMENT CONFERENCE** |

The Honorable B. Lynn Winmill is the trial judge presiding over this case. This matter was referred to the Honorable Larry M. Boyle, Magistrate Judge, for settlement conference by order dated March 31, 2010 (Docket No. 18). The parties attempted to participate in settlement on July 12, 2010 by telephone. Due to technical difficulties and the fact that Plaintiff had not received the Court's order regarding the parties' pre-conference memoranda, this Court continued the hearing to a later date. Having been advised by Defendants' counsel of an agreeable date,

**IT IS HEREBY ORDERED** that a second telephonic mediation conference is set for **11:00 am (MDT), August 30, 2010,** in the chambers of United State Magistrate Judge Larry M. Boyle, at the United States Courthouse in Boise, Idaho. Defense counsel shall

**coordinate the conference through a teleconference service provider and provide the Court and Plaintiff with the call-in number and password on or before <u>Wednesday, August 25, 2010</u>.**

Plaintiff and Defendants shall attend by telephone, along with Defendants' lead counsel.  A person with full and unlimited authority to negotiate and enter into a binding settlement on Defendants' behalf shall be immediately available by telephone at all times during the conference.  Those in attendance must be prepared to discuss the claims, defenses, and damages.  The parties must be prepared to fully explore all settlement options.  "Settlement" may or may not include payment of money damages.  It also may or may not include an agreement to handle Plaintiff's situation differently.  A compromise agreement is one in which both parties have given something up and both have obtained something in return.

The failure of any counsel, party or authorized person subject to this order to appear in person or to be available by phone as described above will result in the immediate imposition of sanctions.  Sanctions will include, but will not be limited to, the attorney fees and travel costs of the other parties in the case.  In addition, the conference will not proceed and will be reset to another date.

**<u>The parties shall provide Confidential Mediation Questionnaire in the attached form on or before 5:00 pm (MDT), Wednesday, August 25, 2010</u>**, to the Court at 550 W. Fort, Boise, Idaho 83714.  Defendants' counsel may submit Defendants' mediation memorandum alternatively by e-mail to <u>lmb_orders@id.uscourts.gov.</u>   All information provided during the conference is considered confidential and privileged, and the parties may request that the

mediation briefs be returned to the submitting party at the end of the mediation session.  No statements considered during the mediation procedure may be used against any party to this litigation.



DATED:  **July 13, 2010**.

Honorable Larry M. Boyle
United States Magistrate Judge

# MEDIATION QUESTIONNAIRE

CASE NAME:       _____

CASE NUMBER:   _____

SUBMITTED BY:   _____
                         Pro Se  or Attorney for _____

Trial date scheduled:       _____      Jury  \_\_\_\_   Non-Jury   \_\_\_\_

NOTE: Please use attachments where necessary.  All attachments should be punched for a three-ring binder.  Write "not applicable"if  a question if it is not pertinent to this case.

1.  Statement of facts pertinent to settlement.

2.  Plaintiff's theories of recovery if not obvious.

3.  If liability not admitted, bona fide defenses and counterclaims tendered by Defendant(s).

4.  Requests for injunctive relief and damages - Plaintiff should list exactly the relief he has requested and the special damages incurred and claimed.  Do not use the maximum possible figures but what is deemed reasonable and what will be presented at trial.  List special and general damages separately.   Defendant should list items that appear to be  reasonable injunctive relief requests or reasonable damage amounts and which items are contested.

5.  Summarize the bona fide disputes regarding injunctive relief and damages.

6. Candidly list the weaknesses of each side's case.

7. Plaintiff's evaluation of fair settlement.  Injunctive relief: _____

 _____ and $_____.

8. Defendant's evaluation of fair settlement.  Injunctive relief: _____

 _____ and  $_____.

9. May the court disclose these recommendations for injunctive relief and figures to the opposing party at the commencement of the conference?  yes _____   no _____

10. If Plaintiff recovers a judgment, is the question of apportionment of and liability among Defendant(s) a factor affecting negotiations?  Discuss.

11. Are there viable sources from whom the Defendant(s) may seek contribution?

12. Do you feel the other party has negotiated in good faith?  Discuss.

13. Does either party have client problems which affect these negotiations?

14. What factors not discussed above have hampered settlement negotiations?

15. State your opinion as to the bona fide chance for settlement in this matter. ____%

16. Are there legal questions which effectively bar serious settlement negotiations? Discuss.

17. Do you want the settlement judge to give preliminary, non-binding predictions as to such rulings to assist in settlement negotiations?  yes _____   no _____

18. Do Defendants want separate or joint conferences with the judge from which Plaintiff is excluded?

19. Does Plaintiff want separate conferences with the judge from which Defendants are excluded?

22. Expenses of litigation:

    To date $_____ Plaintiff(s) $_____ Defendant(s) $_____

    Estimate of expenses to conclusion $_____

Mediation Questionnaire of Dunne v. Smith, et al, CV07-74-BLW -  6